**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0424-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEROME WRIGHT, a/k/a JAHID
RICHARDSON, JEROME A. TOWNS,
PETEY, E'KIM MOORE, ANTHONY KING,
ERIC LASURE and DAMON TUCKER,

    Defendant-Appellant.

_____

Submitted October 23, 2017 — Decided November 20, 2017

Before Judges O'Connor and Vernoia.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Indictment No.
12-04-0309.

Joseph E. Krakora, Public Defender, attorney
for appellant (Mark Zavotsky, Designated
Counsel, on the brief).

Camelia M. Valdes, Passaic County
Prosecutor, attorney for respondent
(Christopher W. Hsieh, Chief Assistant
Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jerome Wright appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

In 2013, defendant pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1). He was sentenced to a thirty-nine year term of imprisonment in the aggregate, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and the Graves Act, N.J.S.A. 2C:43-6(c). Defendant filed a direct appeal, arguing only that his sentence was excessive. We affirmed his sentence. See State v. Wright, No. A-5627-12 (App. Div. Nov. 20, 2013).

The facts underlying defendant's convictions are as follows. Defendant approached a woman on the street in Paterson, pointed a gun to her back, and instructed her to get down and turn over what she had in her possession. The victim complied, giving defendant her wallet and car keys. Minutes later, defendant approached a couple, took out his gun, and told them to get down and turn over what they had in their possession. The woman gave defendant her purse. The man, an off-duty police officer, reached for his gun but defendant shot him. The victim subsequently died from his wounds. Upon his

apprehension, defendant confessed to committing the robberies and firing the gun that killed the male victim.

In 2015, defendant filed a PCR petition. As for those contentions relevant to the issues on appeal, defendant claimed plea counsel failed to find witnesses that could have provided exculpatory testimony. After he was assigned counsel, defendant submitted a certification stating he had advised plea counsel there was an individual who "would have provided an alibi." Defendant did not elaborate upon how such individual could have aided him in his defense.

PCR counsel submitted a certification stating defendant gave him the name of an alleged alibi witness. Counsel contacted the witness, who informed counsel she had "alibi information." She mentioned she had not been contacted when the underlying case was still pending. The witness advised counsel she would meet him in his office to disclose the information she possessed, but she never showed up. Counsel reached out to the witness but she never responded to his requests to contact him.

While the matter was pending before the PCR court, defendant never produced a certification or affidavit from the witness setting forth the exonerating information she possessed. On July 25, 2016, the PCR court entered an order denying defendant's petition for post-conviction relief.

3

On appeal, defendant presents the following argument for our consideration.

> POINT I — DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ENTITLING HIM TO POST-CONVICTION RELIEF.
>
> A.  Counsel Was Ineffective For Failing To Conduct A Minimally Adequate Pretrial Investigation Resulting In The Failure To Call An Alibi Witness To Assist In His Defense.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment to the United States Constitution was formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987).  In order to prevail on a claim of ineffective assistance of counsel, defendant must meet a two-prong test. The first prong requires defendant to prove counsel's performance was deficient and he or she made errors so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment.  Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

The second prong requires defendant to prove the defect in performance prejudiced defendant's rights to a fair trial and there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

4

been different." Ibid. If a defendant has pled guilty, the second prong requires defendant to show "'there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty but would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

We conclude our decision in State v. Cummings, 321 N.J. Super. 154, 170-71 (App. Div.), certif. denied, 162 N.J. 199 (1999) is dispositive of defendant's argument. In Cummings, we rejected the defendant's claim his counsel had been ineffective for failing to pursue an alibi defense, because the defendant's allegation was unsupported by any corroborating affidavits or certifications from any witness attesting to the alibi.

Here, for the same reason, we reject defendant's claim. Defendant has not even identified what the alibi defense is, let alone submitted the appropriate verification of its existence. Defendant's bald assertion there is an alibi is insufficient. Accordingly, he failed to make a prima facie showing of ineffectiveness of trial counsel sufficient to satisfy the Strickland-Fritz standard.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-0424-16T4